UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

TRINITY N. S.,

    Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Case No. 3:19-cv-01282-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge:

  Plaintiff Trinity N. S.[1] seeks judicial review of the final decision of the Commissioner of Social Security denying his application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-403. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

final orders and judgment in this case in accordance with 28 U.S.C. § 636(c). For the following reasons, the Commissioner's decision is affirmed.

*Procedural Background*

On March 3, 2016, Plaintiff protectively filed an application for a period of disability and disability benefits, alleging disability beginning January 20, 2013, due to fibromyalgia, diabetes, neuropathy, obesity, anxiety, and depression. Tr. Soc. Sec. Admin. R. ("Tr.") 17, 837, ECF No. 13. Plaintiff's claims were denied initially on September 27, 2016, and upon reconsideration on January 3, 2017. Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on May 3, 2018, at which Plaintiff appeared with her attorney and testified. A vocational expert ("VE"), Anne Kemerer Jones, also appeared telephonically and testified. On July 16, 2018, the ALJ issued an unfavorable decision. The Appeals council denied Plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner for purposes of review.

Plaintiff was born in 1981. He was thirty-one years old on the alleged onset date of disability and thirty-six years old on the date of the ALJ's decision. Tr. 23, 24. Plaintiff completed high school, some college courses, and has past relevant work as an expeditor and salesclerk. Tr. 34.

*The ALJ's Decision*

The ALJ determined that Plaintiff meets the insured status requirements through December 31, 2017, and at step one found that she had not engaged in substantial gainful employment from her alleged onset date of January 20, 2013, through her date last insured ("DLI"). Tr. 17. At step two, the ALJ determined the Plaintiff's history of obesity, fibromyalgia syndrome, diabetes, and neuropathy are severe impairments. Tr. 17. Also, at step two, the ALJ determined the Plaintiff's

Page 2 – OPINION AND ORDER

mental impairments of anxiety and depression, considered singly and in combination, caused no more than minimal limitation in her ability to perform basic mental work activities and found they were non-severe. Tr. 17-18. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment.

Reviewing all the evidence in the record, the ALJ determined that through the date last insured, Plaintiff has the residual functional capacity ("RFC") to perform less than the full range of light work, with the following limitations: "[s]he could lift 20 pounds occasionally and 10 pounds frequently, carry 20 pounds occasionally and 10 pounds frequently, sit 6 hours out of an 8-hour day; and stand and walk 6 hours total out of an eight-hour day[;].[s]he could push and pull as much as she could lift and carry[;] [s]he could frequently handle and finger bilaterally." Tr. 18-19. At step four, the ALJ determined that Plaintiff can perform her past relevant work as an expeditor and salesclerk. Tr. 22. The ALJ also made alternative step five findings that other jobs existed in significant numbers in the national economy that Plaintiff can perform, including representative occupations such as cashier, bakery worker, conveyor, and lunch counter attendant. Tr. 23-24. Therefore, the ALJ found that Plaintiff was not disabled from January 30, 2013, through July 16, 2018, and denied Plaintiff's application for disability benefits. Tr. 24.

*Issues on Review*

Plaintiff contends the ALJ committed error by: (1) failing to find her anxiety and depression severe impairments at step two; and (2) failing to properly evaluate the medical opinions of the reviewing psychologists Frank Gonzales, Ph.D., and Winifred C. Ju, Ph.D., when making the step two findings.

\\\\\

\\\\\

Page 3 – OPINION AND ORDER

*Standard of Review*

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berrhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation and citation omitted); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020); *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Trevizo*, 871 F.3d at 675; *Garrison*, 759 F.3d at 1009. "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chapter*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

*Discussion*

I.   The ALJ Did Not Commit Harmful Error at Step Two

   *A.   Standards*

At step two, a claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Murray v. Comm'r Soc. Sec. Admin.*, 226 F. Supp. 3d 1122, 1129 (D. Or. 2017); 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(h). A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a). An impairment is not severe "when [the] medical evidence establishes only a slight abnormality or combination of slight abnormalities which would

Page 4 – OPINION AND ORDER

have no more than a minimal effect on an individual's ability to work." Social Security Ruling (SSR) 85-28, *available* at 1985 WL 56856, at *3. The step two threshold is low; "[s]tep two is merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (noting step two is a "de minimus screening device to dispose of groundless claims." (internal citation omitted). The Plaintiff has the burden to show that she has a medically severe impairment or combination of impairments at step two. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).

Where a claimant presents a colorable claim of mental impairments, the ALJ must determine whether the claimant has a medically determinable mental impairment and rate the degree of functional limitation in four areas utilizing the "psychiatric review technique" or the "paragraph B" criteria. *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 725 (9th Cir. 2011) (citing 20 C.F.R. § 404.1520a). Effective March 27, 2017, the Social Security Administration ("SSA") revised the paragraph B criteria for assessing mental functioning. 20 C.F.R. § 404.1520a. Under the prior version, evaluators examined a claimant's activities of daily living; social functioning; concentration, persistence, and pace; and episodes of decompensation. 20 C.F.R. § 404.1520a (2016). Generally, these categories were rated on a five-point scale – none, mild, moderate, marked, or extreme – and a rating of "none" or "mild" in the first three areas and none in the fourth area typically dictated a finding that the mental impairments were not severe. *Id.* § 404.1520a(d)(1) (2016). The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps two and three of the sequential evaluation process. Tr. 18.

Under the new paragraph B criteria, the four broad functional areas were altered slightly: (1) understanding, remembering, or applying information; (2) interacting with others; (3)

Page 5 – OPINION AND ORDER

concentrating, persisting, or maintain pace; and (4) adapting or managing oneself. 20 C.F.R. § 404.1520a(b)-(d). The degree of limitations was also rated in these areas utilizing a five-point scale – none, mild, moderate, marked, and extreme – with "none" or "mild" typically resulting in the ALJ finding that the mental impairments are not severe. 20 C.F.R. § 404.1520a(d)(1).

    B.    *Analysis – Anxiety and Depression Not Severe*

Plaintiff alleges the ALJ erred at step two by failing to find that her anxiety and depression symptoms were severe. According to Plaintiff, the ALJ erred by failing to properly consider her affective disorder and the opinions of Drs. Gonzales and Ju. The Commissioner responds that the ALJ's step two findings are supported by substantial evidence and should not be disturbed.

A careful reading of the record establishes the ALJ considered the four broad areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1). Here, the ALJ found that Plaintiff's degree of limitation was "mild" in all four functional areas. Tr. 18.

With respect to understanding, remembering, or applying information, the ALJ found Plaintiff exhibited average intellect and intact memory. Tr. 18. In the decision, the ALJ cited medical records indicating Plaintiff's intellectual level as "average," she could make abstractions, her individual thought content was unremarkable, and her memory was intact. Tr. 18 (citing Tr. 385, 802). Based on this evidence, the ALJ reasonably could find that Plaintiff had "mild" limitation in this area. Tr. 18. The ALJ's finding thus is supported by substantial evidence.

With respect to interacting with others, the ALJ found Plaintiff exhibited appropriate speech and intact judgment. Tr. 18. The ALJ cited medical records reflecting that Plaintiff had appropriate speech and tone, appropriate speech patterns, normal eye contact, appropriate affect, logical thought processes, and intact judgment. Tr. 18 (citing Tr. 385, 946). Other records

Page 6 – OPINION AND ORDER

showed Plaintiff to be pleasant and cooperative. Tr. 312, 427, 839, 850, 887, 932. Based on this evidence, the ALJ reasonably could find Plaintiff had "mild" limitation in this area. Tr. 18. Thus, this finding also is supported by substantial evidence.

With respect to concentrating, persisting, or maintaining pace, the ALJ found Plaintiff had good attention. Tr. 18. The ALJ cited medical records stating that Plaintiff presented with a goal-directed thought process. Tr. 18 (citing Tr. 385, 802). Other medical records also reported that Plaintiff's attention and concentration appeared grossly intact. *See, e.g.*, Tr. 932. Based on this evidence, the ALJ reasonably could find Plaintiff had "mild" limitation in this area. Tr. 18. The ALJ's finding is supported by substantial evidence.

With respect to adapting or managing oneself, the ALJ found Plaintiff functioned independently and that there was no evidence of significant difficulties with emotional regulation or behavioral control. The ALJ found Plaintiff could engage in a variety of activities including cooking with essential oils and blogging her results, hosting a barbecue, and hosting a dumpling and tamale making party. Tr. 21 (citing Tr. 652, 654, 899-900). The Plaintiff reported little trouble with personal care and said she took care of the house for her boyfriend, paid bills, handled a savings account, and used a checkbook. Tr. 213-16. Medical records showed Plaintiff's appearance to be appropriate and that she practiced good hygiene. Tr. 385, 392, 523, 802, 818. The ALJ found Plaintiff had "mild" limitation in adapting and managing herself. Tr. 18. This finding is wholly supported by substantial evidence.

Because the Plaintiff's medically determinable mental impairments caused no more than "mild" limitation in any of the functional areas, the ALJ reasonably could determine that her affective disorder was non-severe. The ALJ made detailed findings under the four broad functional areas and rated their severity using the psychiatric review technique with findings that

Page 7 – OPINION AND ORDER

are backed by substantial evidence; therefore, the ALJ did not err in finding that her anxiety and depression were not severe at step two.

    C.    *Agency Reviewing Physicians Opinions*

Plaintiff does not directly challenge the ALJ's evaluation of the medical evidence in forming her RFC. Instead, Plaintiff asserts that the two reviewing agency physicians "opined" that her affective disorder was a severe impairment, and that the ALJ failed to adequately explain why their opinions were not credited at step two. The court disagrees for multiple reasons.

First, to the extent that Plaintiff suggests that the ALJ erroneously evaluated Drs. Gonzales and Ju's opinions when considering her RFC, her argument fails. In this case, Dr. Gonzales conducted his review of Plaintiff's records on September 27, 2016, and thus did not apply the new B criteria. Tr. 60-65. Dr. Ju conducted her review of Plaintiff's records on reconsideration on January 3, 2017, and likewise did not apply the new B criteria. Instead, Drs. Gonzales and Ju applied the B criteria in effect at the time of Plaintiff's assessment. Tr. 55, 69 (considering Plaintiff's activities of daily living; social functioning; concentration, persistence, and pace; and episodes of decompensation). The ALJ, however, applied the newly adopted B criteria because they were in effect when he issued his decision on July 16, 2018. *See* Revised Medical Criteria for Evaluating Mental Disorders, 81 FR 66138-01, *available at* 2016 WL 5341732, at *66138 n.1 ("We expect that federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions.") Plaintiff has made no argument regarding Drs. Gonzales and Ju utilizing different B criteria than the ALJ, and thus, she waived any such argument. *Indep. Towers of Wash. V. Washington*, 350 F.3d 925, 930 (9th Cir. 2003). As discussed above, because Plaintiff asserted mental impairments, the ALJ was required to assess her functional limitations in

the four broad areas and rate the degree of impairment; the ALJ adequately did so. The ALJ's step two finding is wholly supported by substantial evidence and will not be disturbed.

Second, careful review of Drs. Gonzales and Ju's findings reveal that they did not "opine" that Plaintiff's affective disorder was a severe impairment. While listing Plaintiff's medically determinable impairments, Dr. Gonzales noted that her affective disorder was a "secondary" priority, and that it was "severe." Tr. 61. However, the narrative portion of Dr. Gonzales's opinion shows that "[t]aken as whole, the record supports no more than mild limits in social functioning, and [concentration, persistence, and pace]" and opined that overall, her mental health limitations were non-severe. Tr. 62. Likewise, Dr. Ju listed Plaintiff's affective disorder as a "secondary" medically determinable impairment and that it was "severe." Tr. 75. The narrative portion of Dr. Ju's opinion, however, reflects that the record supports no more than mild limits in social functioning and concentration, persistence, and pace, and that the psychiatric review technique indicates her affective disorder is "non-severe." Tr. 75-76. Thus, a careful review of the record reveals, contrary to Plaintiff's contention, that Drs. Gonzales and Ju opined that her affective disorder was not severe.

Third, to the extent Plaintiff contends the ALJ erred in failing to properly evaluate Drs. Gonzales's and Ju's opinions and her mental health limitations when crafting the RFC, her argument fails. Even if the ALJ erred in failing to find her anxiety and depression severe at step two, any such error is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (holding that ALJ commits reversible error at step two only where severe impairment erroneously excluded and that impairment causes functional limitations that are not accounted for in the RFC). At step two, the ALJ assessed Plaintiff's obesity, fibromyalgia syndrome, diabetes, and neuropathy as severe impairments, but found her anxiety and depression as non-severe impairments. By finding

Page 9 – OPINION AND ORDER

her obesity, fibromyalgia syndrome, diabetes, and neuropathy impairments severe, the ALJ resolved step two in Plaintiff's favor and continued with the sequential evaluation. Tr. 17.

The ALJ extensively considered her allegations of mental health limitations when considering her RFC. Tr. 21. The ALJ specifically discussed Plaintiff's allegations of anxiety and difficulty focusing were not supported by the medical record and were inconsistent with her extensive activities of daily living. Tr. 21. The ALJ detailed that contrary to Plaintiff's allegations of difficulties with anxiety and dealing with people, her treatment records reflected attending "pirate events, hosting a barbeque, hosting a party, and planning events with friends." Tr. 21. The ALJ cited numerous records showing that Plaintiff engaged in "extensive cooking activities, including cooking with essential oils and blogging her results, hosting a dumpling and tamale making party, and cooking from scratch." (*Id.*) Critically, Plaintiff does not challenge the ALJ's assessment of her subjective symptom testimony or the ALJ's assessment of the medical evidence. Thus, Plaintiff fails to identify any credited functional limitations resulting from her anxiety or depression that the ALJ failed to include in the RFC.

In summary, because Plaintiff fails to identify any credited mental health limitations that the ALJ failed to include in the RFC, any alleged error at step two is harmless. *Buck*, 869 F. 3d at 1049 (noting that an error at step two was harmless and his impairments and limitations were considered fully when evaluating RFC); *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 533 F.3d 1155, 1162 (9th Cir. 2008) (holding error is harmless where it is "inconsequential to the ultimate nondisability determination"). Accordingly, the ALJ's decision is supported by substantial evidence and free of harmful legal error.

\ \ \ \ \

\ \ \ \ \

*Conclusion*

Based on the foregoing, the Commissioner's final decision is AFFIRMED. This action is DISMISSED.

IT IS SO ORDERED.

DATED this 10th day of June 2021.

JOHN V. ACOSTA
United States Magistrate Judge